IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:15-CR-25-JDK |
| vs. | § § § § | |
| KYLE JOSEPH SANTUCCI (27) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On January 30, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Frank Coan. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of Less Than 50 Grams of Methamphetamine, a Class C felony, Defendant Kyle Joseph Santucci was sentenced on June 6, 2016 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of II, was 33 to 41 months. Defendant was sentenced to 44 months of imprisonment followed by a 3-year term of supervised release. The term of imprisonment was above the advisory guideline range due to a binding plea agreement that was accepted by the Court. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug aftercare, and to acquire a General Educational Development (GED) certificate.

Defendant's conditions were modified on April 6, 2018 to include residence in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence

1

upon release from confinement. Defendant completed his term of imprisonment and started his term of supervised release on May 11, 2018. The case was re-assigned to United States District Judge Jeremy D. Kernodle, on February 27, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on August 20, 2018, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on August 8, 2018 in Cherokee County, Texas, for Possession of a Controlled Substance Penalty Group 1, less than 1 gram.

2. **Allegation 2 (standard condition 1): The defendant shall not leave the judicial district without the permission of the Court or probation officer.** It is alleged that Defendant left the judicial district on June 11, 2018 without permission of the Court or probation officer.

3. **Allegation 3 (standard condition 5):  The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.** It is alleged that Defendant was terminated from his employment on July 10, 2018 and has not maintained employment since that date.

4. **Allegation 4 (standard condition 6): The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** It is alleged that Defendant was arrested on August 8, 2018 and advised the officer that he was homeless. Defendant did not report his change in residence to the probation officer.

5. **Allegation 5 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted a urine specimen on June 11, 2018 that tested positive for methamphetamine and a urine specimen on July 30, 2018 that tested positive for marijuana. Lab results confirmed the positive tests.

6. **Allegation 6 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as he is released from the program by the**

      **probation officer.** It is alleged that Defendant attempted to falsify his drug test on July 30, 2018 by placing urine in a plastic bottle with the intention of putting the urine in the test cup.

7. **Allegation 7 (special condition): The defendant shall acquire a General Education Development (GED) certificate.** It is alleged that Defendant has failed to acquire his GED since being released from the Bureau of Prisons.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Possession of a Controlled Substance Penalty Group 1, less than 1 gram, or by using and thereby possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history was II. The guidelines provide that Defendant's guideline range for a Grade B violation is 6 to 12 months of imprisonment. The remaining allegations in the petition are Grade C violations. The guidelines

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

### *Hearing*

On January 30, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Frank Coan announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 6 of the petition and to jointly request a sentence of 6 months of imprisonment with no further supervised release. Defendant has been in state custody since August 8, 2018 and the parties agreed that Defendant should receive credit for time served beginning on the date the federal detainer attached—October 29, 2019. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 6 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 6 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 6 months of imprisonment, with credit for time served beginning on October 29, 2019, with no supervised release to follow. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 6 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 6 months of imprisonment, with credit for time served beginning on October 29, 2019, with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 6 months of imprisonment, with credit for time served beginning on October 29, 2019, with no further supervised release.

So ORDERED and SIGNED this 30th day of January, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE